IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**SHANE STEPHEN HOLBROOK,**

    **Plaintiff,**

v.                                             Case No. 3:16-cv-03489

**CABELL COUNTY PROSECUTORS
OFFICE; JOE FINCHMAN; STATE
OF WEST VIRGINIA,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and a Complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the

1

court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff's complaint alleges the following:

1. Joe Finchman, a Cabell County Prosecutor, gave false information to the media to insult and defame Plaintiff's integrity and character.

2. In a March 9, 2016 article, Mr. Finchman was reported saying that Plaintiff had waived his right to a speedy preliminary hearing and a shooting victim was in the hospital. These statements were false and were made to maliciously prosecute a case against Plaintiff.

3. As a result of these statements, Plaintiff was and continues to be unlawfully restrained.

(ECF No. 2 at 4-5). Plaintiff seeks no more than one million dollars in compensatory and punitive damages, as well as other non-monetary relief. (*Id.* at 5).

In order for the undersigned to complete a preliminary review of the merits of the complaint and rule on the motion to proceed *in forma pauperis*, Plaintiff is **ORDERED** to amend his complaint within **forty-five (45) days** of the date of this Order and cure the various deficiencies in pleading as indicated below:

1. Cabell County, including its offices, is a municipality. A municipality cannot be held liable under § 1983 solely because it employs a person who allegedly violated a plaintiff's constitutional rights. *Monell v. Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To recover against a municipality under § 1983, a plaintiff must explicitly allege that the wrongful actions of the municipal employee were taken in furtherance of a "policy or custom" of the municipality. *Id.* In addition, the plaintiff must identify the municipal policy or custom that purportedly caused the injury. *Board of Commissioners of Bryan Cty. v. Brown,* 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Therefore, if Plaintiff wishes to assert a claim against the Cabell County

Prosecutors Office under § 1983, Plaintiff shall identify the custom or policy allegedly followed by Mr. Finchman in making the purportedly slanderous statements. In the alternative, if Plaintiff is not claiming that the alleged wrongful actions were the result of a municipal custom or policy, but has sued the Prosecutors Office solely in its role as Mr. Finchman's employer, then Plaintiff shall name only Mr. Finchman as the defendant and shall move to dismiss the Prosecutors Office.

2. "A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort. To state such a claim, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers,* 703 F.3d 636, 647 (4th Cir. 2012) (internal citations and quotation marks omitted); *see also Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012); *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009) ("While it is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution, if there is such a right, the plaintiff must demonstrate both an unreasonable seizure and a favorable termination of the criminal proceeding flowing from the seizure") (internal citations omitted); *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000) (holding that a "malicious prosecution" claim under § 1983 is "simply a claim on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution-specifically, the requirement that the prior proceeding terminate favorably to the plaintiff"). Moreover, it is well settled that "an indictment, 'fair upon its face,' returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (quoting *Gerstein*

*v. Pugh,* 420 U.S. 103, 117 n.19, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)).

In the complaint, Plaintiff alleges that his constitutional rights are being violated by his "unlawful restraint" for the purpose of a "malicious" prosecution. However, Plaintiff has failed to state factual allegations to support such a cause of action under § 1983. Plaintiff shall amend his complaint to state facts showing his seizure without probable cause and termination of the criminal proceedings in his favor. If, on the other hand, Plaintiff's complaint against Mr. Finchman is actually nothing more than a garden variety defamation claim, Plaintiff fails to state a constitutional violation. In that case, as Plaintiff has been previously advised, he must amend his complaint to include factual allegations that demonstrate a basis for federal jurisdiction.

**Plaintiff is hereby given notice that a failure to amend the complaint as ordered may result in a recommendation that the complaint be dismissed for failure to state a claim compensable at law.** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs shall be held in abeyance pending initial review of Plaintiff's amended complaint, or pending other further proceedings in this case.

**Plaintiff is also advised** that 28 U.S.C. § 1915 governs actions in which a prisoner seeks to proceed without prepayment of fees or costs ("*in forma pauperis*"). Section 1915(g) of the statute includes a "three strikes" rule, stating as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

According to the Court's docket, Plaintiff has filed three *pro se* lawsuits in this Court in the past two weeks, and in all three, he has requested to proceed without prepayment of

4

fees or costs. If these cases are dismissed for any of the reasons set forth above, Plaintiff shall be barred from filing *any* other cases *in forma pauperis* unless he is in **imminent danger of serious physical** injury. Therefore, Plaintiff may wish to carefully review the three cases he has filed and determine whether he wishes to proceed with all three actions. If Plaintiff wishes to voluntarily dismiss any of the pending actions, he shall file a motion for voluntary dismissal with the Clerk of Court.

Plaintiff is reminded of his obligation as a *pro se* plaintiff to promptly advise the Clerk of Court of any changes in his address.

The Clerk is directed to mail a copy of this Order to Plaintiff.

**ENTERED:** April 20, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge